NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
SEP 18 2012
AT 8:30_____ M
WILLIAM T. WALSH, CLERK

| | |
|---|---|
| Jeffrey FERGUSON,<br><br>      Plaintiff,<br><br>v.<br><br>LEVIN MANAGEMENT CORPORATION, et al.,<br><br>      Defendants. | Civil No. 11-1813<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

Pending before the Court is Defendants Levin Management Corporation and Levin Properties, L.P.'s (together, "Defendants" or "Defendants Levin") motion to compel Defendant/Third-Party Plaintiff GIA Construction, LLC ("GIA") to assume the defenses, indemnify and provide insurance coverage [docket # 46]. Defendant/Third-Party Plaintiff GIA opposes the motion [50]. The Court has decided the motion upon the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Defendants' motion will be administratively terminated pending discovery.

I.      BACKGROUND

This matter arises out of injuries sustained at a construction site. Plaintiff Jeffrey Ferguson alleges to have been injured on June 7, 2010 when he fell from scaffolding while doing construction work at a renovation site in New Brunswick, New Jersey. On March 29, 2011, Plaintiff filed suit against, among others, Defendants Levin as owner and agent of the subject property and GIA, the contractor at the site [1].

On the date of the accident, a Contractor's Agreement dated June 3, 2010 governed the relationship between GIA and the project's general contractor, Allstate Construction Corp., relating to the construction project on which Plaintiff was injured (the "Contract"). Under the terms of the Contract, GIA is required to defend and indemnify Defendants Levin, "from any and all claims arising out of the work performed by the contractor (GIA)." (GIA Opp'n at 3).

Defendants Levin now seek defense and indemnification costs from GIA. Defendant/Third-Party Plaintiff GIA maintains that the contract does not address whether GIA must indemnify Defendants Levin from any damages incurred by Plaintiff that were caused by Defendants' own negligence. (*Id.* at 3-4). Consequently, Defendant/Third-Party Plaintiff GIA argues that it should not be required to indemnify Defendants Levin at this point in the litigation as Defendants' role in the alleged accident is still unclear. (*Id.* at 5).

## II. DISCUSSION

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986).

Defendant/Third-Party Plaintiff GIA argues that summary judgment must be denied at this time because there exists a genuine issue of material fact as to whether Plaintiff's injuries may have been caused by Defendants' own negligence. The Court agrees.

Under New Jersey law, "[i]ndemnity contracts are interpreted in accordance with the rules governing the construction of contracts generally." *Ramos v. Browning Ferris Indus., Inc.*, 510 A.2d 1152, 1159 (N.J.1986). If the meaning of an indemnification clause is ambiguous, then it "should be strictly construed against the indemnitee." *Id*. Following these principles, "a contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms." *Id*. Moreover, in addressing a contractual indemnification provision purported to extend to negligent conduct, the New Jersey Supreme Court has adopted a "bright line" rule requiring explicit language that indemnification and defense includes the indemnitee's own negligence. *See Azurak v. Corporate Prop. Investors*, 814 A.2d 600 (N.J. 2003). The New Jersey Supreme Court has also clarified that "[t]he right to legal costs follows the right to indemnification." *Mantilla v. NC Mall Assocs.*, 770 A.2d 1144, 1151 (N.J. 2001). Here, because many of the allegations in the Complaint require a context specific inquiry and necessitate the development of the factual record before the Court can decided whether, as a matter of law, GIA is required to indemnify the Defendants Levin, the Court agrees that additional discovery is needed to assist with resolution of the Motion. In the alternative, the Court notes that GIA has already agreed to defend and indemnify Defendants Levin subject to them signing an agreement that contains a reservation of rights and a waiver of conflict of interests (the "Agreement"). *See* (GIA Opp'n at 5). The Court notes that such Agreement would seemingly preserve the rights of both parties as discovery moves forward.

3


### III. CONCLUSION

For the reasons set forth above, IT IS on this 17 day of September, 2012,

ORDERED that Defendants Levin Management Corporation and Levin Properties, L.P.'s Motion to Compel the Assumption of Defenses [docket # 46] shall be administratively terminated without prejudice to its re-submission at a later date after discovery has resumed; and it is

ORDERED that if and when the parties desire to proceed with this motion, the motion must simply be re-noticed. Magistrate Judge Bongiovanni is requested to direct the parties to submit simultaneous letter briefs, not to exceed seven (7) pages each addressing the Motion, in light of matters learned in the course of discovery and any other subsequent developments.

_____
ANNE E. THOMPSON, U.S.D.J.